JENNIFER LEE TAYLOR (CA SBN 161368)
*JTaylor@mofo.com*
MARGARET E. MAYO (CA SBN 259685)
*MMayo@mofo.com*
DINA ROUMIANTSEVA (CA SBN 300576)
*DRoumiantseva@mofo.com*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
THE GEORGE LUCAS EDUCATIONAL FOUNDATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GEORGE LUCAS EDUCATIONAL FOUNDATION, a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>EDUCOPIA LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

The George Lucas Educational Foundation ("Plaintiff") brings this action against Educopia LLC ("Defendant") and alleges as follows:

**PARTIES**

1. Plaintiff The George Lucas Educational Foundation is a California non-profit corporation whose principal place of business is located at 5858 Lucas Valley Road, San Rafael, CA 94912.

2. On information and belief, Defendant Educopia LLC is a Delaware limited liability company whose principal place of business is located at 2443 Fillmore Street, Suite 515, San Francisco, CA 94115.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in California and the quality and nature of the Defendant's contacts with California are substantial, continuous and systematic. Defendant has purposefully availed itself of the privilege of conducting business in California. Moreover, Defendant infringes Plaintiff's EDUTOPIA trademark by using a confusingly similar mark in commerce with the knowledge that Plaintiff is located in California and that Plaintiff will likely suffer injury or harm resulting from the infringement in California. Defendant offers and promotes its services using the infringing mark throughout the United States, including in this District. Accordingly, this Court's exercise of personal jurisdiction over Defendant is proper.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's headquarters are within this District and under 28 U.S.C. § 1391(b)(2) because Defendant's conduct in this District constitutes a substantial part of the events giving rise to Plaintiff's complaint.

**GENERAL ALLEGATIONS**

**PLAINTIFF'S EDUTOPIA MARK**

6. Plaintiff is a not-for-profit foundation, founded by the filmmaker George Lucas in 1991. Through its Edutopia program, Plaintiff is transforming the learning process by helping educators to implement effective classroom strategies. Some of those strategies include: teacher development, classroom teaching techniques, teacher performance assessment, technology integration, project-based learning, and social and emotional learning. Plaintiff chose the EDUTOPIA name and mark because it captures the mission of creating a world where students and parents, teachers and administrators, policy makers and the people they serve are all empowered with a shared vision to change education for the better. Plaintiff developed its

EDUTOPIA comprehensive online resource center and community portal to increase knowledge, sharing, and adoption of what works in K-12 education through its web portal at www.edutopia.org. Plaintiff's EDUTOPIA resource center is the leading voice in best practices and a showcase of innovation and continuous learning in K-12 education methods.

7. Plaintiff first began offering its educational resources via a print newsletter titled EDUTOPIA starting in November 1993. Plaintiff subsequently registered its www.edutopia.org domain name and began to offer its educational content and services via its website at that domain name on September 12, 2002.

8. Plaintiff first filed to register EDUTOPIA for a "newsletter covering issues involving the uses of technology in education" in International Class 16 on October 18, 1993, and began using the mark on November 1, 1993. A registration issued on that application on July 4, 1995. Plaintiff could not maintain that registration because Plaintiff switched to online content and electronic newsletters in 2002, and stopped publishing a printed newsletter at that time. Accordingly, Plaintiff allowed this registration to lapse and thereafter filed for EDUTOPIA in the goods and services listed in Paragraphs 9 and 10 below. Plaintiff has offered education-related content under the EDUTOPIA mark continuously since 1993.

9. Plaintiff owns U.S. Registration No. 2,957,264 for the EDUTOPIA mark for "Educational services, namely, providing online website concerning topics related to education" in International Class 41. The application to register the EDUTOPIA mark as shown in Registration No. 2,957,264 was filed on April 2, 2004, and the mark registered on May 31, 2005. This registration has now become incontestable. The registration certificate, attached hereto as Exhibit A, is considered conclusive evidence of validity and ownership pursuant to Section 33 of the Lanham Act, 15 U.S.C. § 1115.

10. Plaintiff also owns U.S. Registration No. 4,572,731 for the EDUTOPIA mark for:

> Downloadable electronic publications, namely, magazines, newsletters, lesson plans, and informational circulars, and educational materials in the field of learning, education and social networking; entertainment and educational goods in the nature of downloadable videos featuring content of interest to students and educators, namely, exemplary case studies of schools and districts, project-based learning, integrated studies, technology integration, social-emotion learning, comprehensive assessment, teacher development, and student engagement

techniques for educators, schools and communities

in International Class 9,

Online publications, namely, magazines, guides, blogs, and newsletters in the field of learning and education; online educational services, namely, seminars, workshops, panels, and community discussions in the field of learning and education; providing a website featuring topics related to learning and education, namely, exemplary case studies of schools and districts, project-based learning, integrated studies, technology integration, social-emotion learning, comprehensive assessment, teacher development, and student engagement techniques for educators, schools and communities; providing information in the fields of in the fields of team teaching, curriculum planning, project-based learning, assessment, student motivation, and social and emotional learning techniques for educators, schools and communities; providing learning tools and resources in the nature of on-line resource guides concerning children, educational video production, and electronic publications in the nature of newsletters, magazines, books, brochures, lesson plans, educator guides, and pamphlets for educators, schools and communities in the fields of learning, education and social networking in grades K-12; providing a website featuring blogs and non-downloadable publications, namely, guides, rubrics, lesson plans, and examples from schools and districts featured in case studies in the field of learning, education and social networking sites; entertainment and educational services in the nature of non-downloadable videos featuring content of interest to students and educators, namely, exemplary case studies of schools and districts, project-based learning, integrated studies, technology integration, social-emotion learning, comprehensive assessment, teacher development, and student engagement techniques for educators, schools and communities; entertainment services, namely, radio programming concerning topics related to education; providing online information in the field of learning and education

in International Class 41, "Computer services, namely, creating an online virtual community for registered users to engage in social networking, and participate in discussions regarding learning and education" in International Class 42, and "Online social networking services" in Class 45. The application to register the EDUTOPIA mark as shown in Registration No. 4,572,731 was filed on July 29, 2011, and the mark registered on July 22, 2014. The registration certificate, attached hereto as Exhibit B, is accorded presumptions of validity and ownership pursuant to Section 33 of the Lanham Act, 15 U.S.C. § 1115.

11. Since at least as early as 1993, Plaintiff has continuously offered and promoted its EDUTOPIA mark in connection with its educational services, namely, through a newsletter and then by providing an online website concerning topics related to education. In addition, Plaintiff has continuously offered and promoted its EDUTOPIA mark in connection with its online publications and expanded website services since at least 2005, and its computer services,

namely, creating an online web portal for registered users to access educational resources, engage in social networking, and participate in discussions regarding learning and education, since at least as early as 2010. Around 2010, Plaintiff began offering additional content at www.edutopia.org, including online social networking services and downloadable electronic publications, such as lesson plans, educational materials, and videos. Plaintiff's EDUTOPIA educational services specifically include resources for teacher development, such as classroom teaching technique guides and articles, teacher performance assessment materials, and community feedback and discussions.

12. Plaintiff's EDUTOPIA mark is widely known and recognized by the public as identifying Plaintiff's services. Plaintiff receives over 3.9 million visits per month on its www.edutopia.org website and reaches more than 10 million users across social media platforms such as Facebook and Twitter. Plaintiff's innovative educational services under its EDUTOPIA mark have been widely discussed in the press, including reporting by *The New York Times*, *Forbes*, *The Wall Street Journal*, and in a filmed interview with Oprah Winfrey, among others. Plaintiff has also advertised its EDUTOPIA services on National Public Radio ("NPR") since January 12, 2009, and has been an active sponsor of NPR programs including *All Things Considered*, *Morning Edition* and, most recently, WNYC's *Radio Lab*.

13. Plaintiff owns the goodwill and reputation of the goods and services connected with and symbolized by the EDUTOPIA mark. As a result of continuous advertising and promotion of Plaintiff's goods and services offered under the EDUTOPIA mark, Plaintiff has built up highly valuable goodwill in Plaintiff's EDUTOPIA mark and said goodwill has become closely and uniquely identified and associated with Plaintiff and Plaintiff's goods and services. Through continuous use and promotion of its mark, Plaintiff has acquired common law rights in the EDUTOPIA mark.

14. Based on its federal trademark registrations and common law rights, Plaintiff has the exclusive right to use the EDUTOPIA mark in commerce in connection with the goods and services covered by the registrations.

**DEFENDANT'S INFRINGING CONDUCT**

15. On information and belief, on or about December 10, 2014, over 20 years after Plaintiff first began using its EDUTOPIA mark, Defendant Educopia LLC was founded in San Francisco, CA and incorporated under the laws of Delaware.

16. On June 25, 2015, Defendant filed U.S. Application Serial No. 86/674,621 to register the EDUCOPIA mark for:

> Providing a web-based online portal featuring web-based non-downloadable software that enables users to access teacher performance assessment and teacher education materials and modules in the field of teaching, to capture, upload, download, access, view, share, tag, evaluate, analyze, score and comment on classroom video footage and other digital artifacts of classroom teaching techniques and performance, to evaluate and improve the effectiveness of teachers in the classroom, to evaluate, analyze, score, and comment on teaching practices and teacher performance in classrooms

in International Class 42 with a claimed date of first use of January 2015. The application was published for opposition in the *Official Gazette* on November 17, 2015. On December 17, 2015, Plaintiff filed a Notice of Opposition with the Trademark Trial and Appeal Board. Opposition No. 91225422 is currently pending before the Board.

17. On information and belief, in or around January 2015, Defendant began using the mark EDUCOPIA on its website at www.educopia.com. On its website, Defendant uses the mark EDUCOPIA alone to refer to itself throughout.

18. Defendant selected its EDUCOPIA mark in or about December 2014 for closely related educational services with full knowledge of Plaintiff's prior rights in its EDUTOPIA mark. Mark Atkinson, founder and president of Defendant, was personally aware of Plaintiff's EDUTOPIA goods and services since at least as early as 2005. Mr. Atkinson signed up for Plaintiff's EDUTOPIA electronic newsletter in 2005, and has been sent Plaintiff's electronic newsletter since that time. Further, Mr. Atkinson was the CEO of an organization called TeachScape. The Edutopia sales team met with several TeachScape staff during 2007-2010 to discuss EDUTOPIA services and the possibility of TeachScape advertising on the www.edutopia.org website.

**HARM TO PLAINTIFF AND TO PLAINTIFF'S EDUTOPIA MARK AND GOODWILL**

19. Plaintiff has earned a wide-reaching reputation as a respected provider of teacher development materials and related online services through its long-standing use of the EDUTOPIA mark, advertising, press coverage, and advocacy by its founder, George Lucas. Defendant knew of Plaintiff's prior rights in the EDUTOPIA mark when it chose to adopt the confusingly similar EDUCOPIA mark and trade name.

20. Defendant's EDUCOPIA mark is so substantially similar in sight, sound, meaning, and commercial impression to Plaintiff's EDUTOPIA mark as to be likely to cause confusion, or to cause mistake, or to deceive. The respective marks differ by only one consonant in the middle of the terms and are nearly identical in pronunciation and appearance. Accordingly, Defendant's EDUCOPIA mark is so similar in appearance sound, and commercial impression to Plaintiff's EDUTOPIA mark that consumers may be led to believe that Defendant's proposed services are offered by or associated with Plaintiff.

21. Defendant's EDUCOPIA services are competitive, complementary, and/or closely related to the goods and services offered under Plaintiff's EDUTOPIA mark and covered by Plaintiff's trademark registrations. The substantial similarity of Defendant's services and Plaintiff's goods and services may cause consumers to be confused, mistaken, or deceived about the source or affiliation of Defendant's services and Plaintiff's goods and services when offered under their respective marks.

22. Consumers of Defendant's EDUCOPIA services are likely to consist of many of the same consumers who are familiar with Plaintiff's EDUTOPIA goods and services.

23. Defendant offers and promotes its EDUCOPIA services in the same channels of trade as Plaintiff, including at the same educational conferences.

24. Defendant's use of the confusingly similar EDUCOPIA mark has caused and is likely to continue to cause confusion or mistake or deception, now and in the future, as to the origin, source, and sponsorship of Defendant's services.

25. Defendant's conduct is ongoing and will continue unless restrained by the Court. Unless Defendant is enjoined from engaging in the wrongful conduct described above, Plaintiff

will suffer irreparable injury and further harm, including through loss of goodwill, reputation, market share, and revenue. Plaintiff has no adequate remedy at law.

**FIRST CAUSE OF ACTION**

**Trademark Infringement Under 15 U.S.C. § 1114**

26. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. The acts of Defendant described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. Plaintiff has valid and protectable rights in the EDUTOPIA mark since substantially prior to Defendant's first use of the EDUCOPIA mark in connection with its web-based education-related services.

29. Defendant had actual knowledge of Plaintiff's ownership and use of the EDUTOPIA mark prior to Defendant's adoption and use of the EDUCOPIA mark for its web-based education-related services.

30. Defendant's use of the confusingly similar EDUCOPIA mark is likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the services Defendant is offering under the EDUCOPIA mark, constituting trademark infringement in violation of 15 U.S.C. § 1114.

31. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

32. Defendant has acted willfully to usurp Plaintiff's rights, and Defendant should be held liable to Plaintiff for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

**False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)**

33. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 32 above as if fully set forth herein.

34. The acts of Defendant described above constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Plaintiff has valid and protectable rights in the EDUTOPIA marks since substantially prior to Defendant's first use of the EDUCOPIA mark in connection with its web-based education-related services.

36. Defendant had actual knowledge of Plaintiff's ownership and use of the EDUTOPIA mark prior to Defendant's adoption and use of the EDUCOPIA mark for its web-based education-related services.

37. Defendant's unauthorized use of the EDUCOPIA mark is likely to cause consumers to believe that there is a relationship between Defendant and Plaintiff and/or that Defendant's services are associated with or come from Plaintiff and such association constitutes false designation of origin, in violation of 15 U.S.C. § 1125(a).

38. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

39. Defendant has acted willfully to usurp Plaintiff's rights, and Defendant should be held liable to Plaintiff for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION

**Unfair Competition Under California Bus. & Prof. Code §§ 17200 et seq.**

40. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 39 above as if fully set forth herein.

41. Defendant's conduct, described above, constitutes unlawful or fraudulent business acts or practices and as such constitutes unfair competition under California Business & Professions Code §§ 17200 *et seq*.

42. Defendant's conduct constitutes unlawful business acts or practices in that Defendant has engaged in trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

43. Defendant's conduct constitutes fraudulent business acts or practices in that Defendant's trademark infringement and false designation of origin are likely to mislead or deceive, and have in fact misled and deceived.

44. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

45. Defendant has acted with full knowledge of Plaintiff's rights and with the intention to usurp such rights and, therefore, its aforementioned acts are willful and intentional.

46. Defendant should be required to restore to Plaintiff any and all profits earned as a result of its unlawful or fraudulent business acts or practices, or provide Plaintiff with any other restitutionary relief as the Court deems appropriate.

## FOURTH CAUSE OF ACTION

### Common Law Trademark Infringement

47. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 46 above as if fully set forth herein.

48. Plaintiff owns common law rights in its EDUTOPIA mark.

49. Defendant's use of the confusingly similar EDUCOPIA mark for similar and related services constitutes trademark infringement under the common law.

50. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts,

and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

51. Defendant has acted with full knowledge of Plaintiff's rights and with the intention to usurp such rights and, therefore, its aforementioned acts are willful and intentional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That judgment be entered in favor of Plaintiff and against Defendant on each and every Cause of Action of this Complaint;

2. For entry of an order and judgment requiring that Defendant and its officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined during the pendency of this action and permanently thereafter from (a) using in any manner the EDUCOPIA trademark or any mark that is confusing similar to or a colorable imitation of the EDUTOPIA mark owned by Plaintiff; (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers as to the source of Defendant's services or likely to confuse members of the public, or prospective customers, into believing that there is some connection between Plaintiff and Defendant or any other entity owned by or associated with Defendant; (c) otherwise competing unfairly with Plaintiff in any manner; or (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this paragraph 2;

3. For entry of an order and judgment directing Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and ceased all offering of services under the EDUCOPIA mark as set forth above;

4. For entry of an order and judgment directing Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all materials, labels, letterhead, business cards,

promotional items, literature, or other matter in the possession, custody, or under the control of Defendant or its agents bearing the EDUCOPIA mark in any manner, or any mark or name that is confusingly similar to or a colorable imitation of Plaintiff's EDUTOPIA mark;

5. For entry of an order directing the Trademark Trial and Appeal Board to refuse registration of U.S. Application Serial No. 86/674,621 for the EDUCOPIA mark;

6. For a judgment in the aggregate amount of (a) Defendant's profits, (b) Plaintiff's actual damages, (c) the costs of this action pursuant to 15 U.S.C. § 1117, and (d) restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendant as a result of its unlawful and/or fraudulent business acts or practices;

6. That the Court award enhanced damages under 15 U.S.C. § 1117;

7. That the Court award Plaintiff reasonable attorneys' fees; and

8. That the Court grant such other and further relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable under the law as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: April 27, 2017

JENNIFER LEE TAYLOR
MARGARET E. MAYO
DINA ROUMIANTSEVA
MORRISON & FOERSTER LLP

By: */s/ Jennifer Lee Taylor*
JENNIFER LEE TAYLOR

Attorneys for Plaintiff
THE GEORGE LUCAS
EDUCATIONAL FOUNDATION

sf-3758773